<hr/>

KINGS COUNTY.—HON. W. L. LIVINGSTON, SURRO-
GATE.—August, 1882.

ZAHRT V. ZAHRT.

*In the matter of the estate of* JOHN C. ZAHRT, *deceased.*

Rule 71 of the general rules of practice, allowing the payment, to a party willing to receive it, of a gross sum in lieu of an annual interest or income for life, does not apply to a case where the distribution of a fund is expressly provided for by statute. Hence, this provision of the Rules cannot be invoked in respect to the distribution, by a Surrogate, of surplus moneys arising on a sale under foreclosure, pursuant to Code Civ. Pro., §§ 2793, 2799.

The Code providing for the payment, out of such surplus proceeds, of *a gross sum* in lieu of an annual income, *only in the case of dower* (§ 2793, subd. 3), the interest of the *devisee of a life estate* cannot be secured otherwise than by the investment of a fund for the life-tenant, the payment of the income arising therefrom to him for life, and the payment of the principal to the remainderman upon the determination of the temporary interest (§ 2796).

Arrowsmith v. Arrowsmith, 8 *Hun*, 606—compared.

Testator, by his will, devised his real property, which was mortgaged, to his wife for life, with remainder to his five infant children, directing that the wife should pay interest and taxes during her lifetime. The property having been sold under foreclosure after testator's death, whereupon the taxes and interest were paid out of the proceeds of sale, on an application to the Surrogate for a distribution of the surplus of such proceeds,—

*Held*, that the remaindermen were entitled to have the amount so paid re-paid out of the income of the surplus belonging to the widow for life.

THIS was a petition by Eliza Zahrt, decedent's widow, and sole executrix of his will, for the distribution of sur-

plus moneys arising upon a sale, under foreclosure, of certain real property of which he died seized. John Zahrt and four other infant children of decedent appeared by guardian. The facts appear sufficiently in the opinion.

JOHN DILL, JR., *for petitioner.*

H. C. PLACE, *special guardian for infants.*

THE SURROGATE.—This is an application under § 2799 of the Code, for the distribution of surplus money arising on the sale of real estate belonging to the deceased, under a judgment of foreclosure in the Supreme Court, which surplus has been paid into this court, and by this court paid over to the county treasurer, as directed by § 2537 of the Code. Under the will of the deceased, his widow became entitled to a life estate in said real estate, and the remainder was devised to her children, who are infants. The widow asks that the decree provide for the payment to her of a sum in gross, representing the value of her life estate, under Rule 71 of the General Rules of Practice applicable to all courts of record.

Section 2799 of the Code provides that the said surplus money shall be distributed by the decree, as if it was the proceeds of real property sold under the decree of the Surrogate's court, to pay the debts of the deceased. Section 2793 provides that the surplus money arising on the sale of the deceased's land to pay his debts, and remaining after paying the expenses of the proceeding in the Surrogate's court, satisfying the widow's claim for dower, and paying the debts of the deceased, must be distributed among the heirs and devisees of the deceased. Section

2796 provides that, where the interest in the property represented by such surplus consists of a precedent estate, and a remainder or reversion, the decree must provide, as the judgment of the Supreme Court would provide, in an analogous case, for the investment of the money in certain securities, and for the payment of the income until the determination of the temporary interest, and then for the payment of the principal to the person or persons entitled thereto. It is unnecessary to discuss how far the rule of practice above referred to can be allowed to interfere with the rights and interests of infant devisees or legatees; it is sufficient to say that it was not intended to apply to cases where the distribution of the fund in court is expressly provided for by statute (Banks v. Banks, *2 T. & C., 483*).

Here the statute points out what the decree must contain on the subject, and the Rule cannot be invoked to authorize a departure from the terms of the statute. This same statute authorizes the payment, to the widow, of a sum in gross, in lieu of her right of dower in the fund to be distributed (§ 2793, subd. 3); and if the legislature had so intended, it no doubt would have made a similar provision in regard to the owner of a life estate.

In Arrowsmith v. Arrowsmith (*8 Hun, 606*), the Surrogate in his decree had adjudged that the husband's life estate, as tenant by the curtesy, in the lands sold to pay the debts of his wife, was worth the sum of $1,110.69 and had directed that that amount be paid from the proceeds of sale to a judgment creditor of the husband, and the balance, after deducting the expenses of the proceeding, to the heir-at-law of the intestate. The Supreme Court, at General Term, in discussing the disposition which the

Surrogate was authorized to make of the surplus pro-
ceeds of sale remaining after the payment of the deceased's
debts, and the expenses of the proceeding in his court,
under chapter 150 of the Laws of 1850, which is revised
in § 2796 of the Code, say : "Under § 55 of the statute
relating to the proceedings of the Surrogate in such cases
(3 R. S., m. p. 107 [*6th ed., 116*]; and chap. 150, Sess.
Laws 1850, *p. 315*), he might order the investment of
such moneys on the ground that the respondent was en-
titled to the interest thereof during his life, but he could
not pay them to him or to the heir, who would only have
been entitled to the reversion of the land sold and repre-
sented by such money, upon the termination of the life
estate." See, also, what was said by the learned Sur-
rogate of Westchester county, in the Matter of Igglesden
(*3 Redf., 375, 378*).

The statute expressly requiring that the Surrogate's
decree, in a case like this, must provide for the invest-
ment of the fund, the payment of the income arising
therefrom, and the payment of the principal upon the
termination of the life estate, the decree must conform
to these directions.

---

On the settlement of the findings in October, 1882, the
question arose whether the widow's interest in the sur-
plus moneys should be applied to the payment of the in-
terest and taxes which became due on the mortgaged
premises since the death of the testator and were paid
out of the proceeds of sale.

THE SURROGATE.—By the terms of the will, the widow

was to pay said interest and taxes, and, as between her and the remaindermen, therefore, her estate and not theirs in the devised property was liable for the payment of the said liens, and since they were paid from the principal of the proceeds of sale which belonged to the remaindermen, the latter are entitled to have the amount repaid out of the income from the surplus moneys which belongs to the widow during her life.

Decreed accordingly.